UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COVINGTON LAND, LLC, a Washington Limited Liability Company, | CASE NO. 2:19-cv-00253-BJR |
| *Third Party Plaintiff*, | |
| v. | ORDER GRANTING COVINGTON LAND'S MOTION FOR SUMMARY JUDGMENT |
| ATTU, LLC, a Washington Limited Liability Company, and JOHN SINCLAIR And "JANE DOE" SINCLAIR, Husband and Wife and the marital community comprised thereof, | |
| *Third Party Defendants*. | |

## I. INTRODUCTION

Before the Court is Covington Land's Motion for Summary Judgment. Dkt. No. 60. Having reviewed the Motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will grant Covington Land's Motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

The Court set forth the facts of this case in both its Order Granting Plaintiff's Motion for Summary Judgment, Dkt. No. 50 at 2–5, and Order Denying Defendant's Motion for

1

Reconsideration, Dkt. No. 59 at 2–3.  In brief, Attu, at different times, sold two adjoining parcels of land (hereinafter "Parcel A" and "Parcel B") located in Covington, Washington to two distinct entities.  First, in 2012, Attu sold Covington 18 Parcel B.  *See* Dkt. No. 50 at 4–5.  Attu claims that when it effectuated the sale, it intended to withhold several access and utility easements.  *See id.* at 3–4.

Next, in 2017, Attu sold Parcel A to Covington Land.  *See* Dkt. No. 50 at 5.  Covington 18 and Covington Land are distinct legal entities with no documented relationship.  *Id.* at 5 n.5.  Since the sale of Parcel B to Covington 18, a dispute arose between Covington 18 and Attu as to ownership of the access and utility easements.  Since these easements concerned Parcel A, Covington Land claims it knew when it purchased its parcel that it would owe certain rights to either Covington 18 or Attu, depending on the outcome of their dispute.  Thus, Covington Land insisted on including two indemnification provisions in its Purchase and Sales Agreement with Attu.  Dkt. No. 60 at 4–6; *see also* Dkt. No. Dkt. No. 60-1 (Attu-Covington Land Purchase and Sales Agreement ("PSA")).

The first provision was included in the body of the agreement, and reads as follows:

> Seller, and John Sinclair personally, agree to indemnify and hold Purchaser harmless for any legal actions resulting or arising any way out of the subject matter of either of the two pending lawsuits involving the property referenced herein, and to indemnify and hold Purchaser harmless from any lawsuit which may arise as a result of said litigation.  Such indemnity would include any monetary loss or damage to the value of the property resulting from the litigation, such as subsequent action for a private way of necessity over the subject property, and shall include any reasonable attorney fees and costs incurred by Purchaser.

Dkt. No. 61-1 at 5, ¶ 11.

The second, which was included in an addendum to the PSA, specifically addressing the easement dispute between Attu and Covington 18, reads as follows:

> **License to Seller, Indemnification.** Under paragraph 7 of the Agreement, Seller has provided Purchaser with a copy of the Reciprocal Easement (Exhibit C) and the BPA Easements (Exhibits D and E).  The Reciprocal Easement and the BPA Easements are appurtenant to the property and to transfer to Purchaser with the sale, subject to a temporary license to Seller to negotiate and retain proceeds from the issuance of easements as described in paragraph 7, and are referred to herein as the Easements.  At time of closing, Purchaser will be assigned all rights in the Easements, but this assignment shall specifically license Seller to negotiate and retain funds arising out of a grant in the Easements to provide access and utilities to King County parcel number 352205-9215.  Seller shall indemnify and hold harmless Purchaser from any and all claims that arise as a result of this withholding of rights under the Easements, and Attu's Principal, John Sinclair, shall personally warrant and guarantee such indemnification, as referenced in paragraph 11 of the agreement.

*Id.* at 26 ¶ 1.

Thus, the PSA set up a scheme by which Attu would retain the right to conclude its dispute with Covington 18 over the easements.  Under the PSA, Attu was granted a license to negotiate a settlement with Covington 18 and retain any proceeds.  If the matter went to trial and Attu won, Covington 18 would have to pay Attu to purchase the easements.  If, however, Covington 18 won, it would owe Attu nothing.  Either way, according to both indemnification provisions, if Covington Land was drawn into the dispute, Attu, and its principle John Sinclair, agreed to indemnify Covington Land from any and all claims arising out of the easement dispute.

Covington 18 then initiated the present quiet title action against Attu to determine whether it gained ownership over the easements when Attu sold it Parcel B.  In its initial complaint, Covington 18 named Covington Land as a necessary party given that Parcel A was burdened by Parcel B's easements.  Dkt. No. 1.  In answer, Attu not only counter-claimed against Covington 18, it also asserted a cross-claim against Covington Land for tortious interference with a business expectancy.  Dkt. No. 11 at ¶¶ 8.1–8.5.  Covington Land, in response, cross-claimed against Attu and submitted a third party complaint against Defendant Sinclair for indemnification based on the

3

contractual provisions mentioned above.  Dkt. No. 20 at ¶¶ 3.23–3.28.

Covington 18 then moved for summary judgment on its quiet title claim.  Dkt. No. 15.  This Court granted the motion on August 1, 2019.  Dkt. No. 50.  Specifically, in its Order, this Court found that the easements in question had passed from Attu to Covington 18 upon purchase as they were appurtenant and the parties' purchase and sales agreement failed to modify the common law's presumption that appurtenant easements pass with ownership.  *Id.* at 10–16.  The Court went further, however.  Based on its inherent power to dismiss claims *sua sponte* that are legally insufficient under Federal Rule of Civil Procedure 12(b)(6), the Court dismissed Attu's cross-claim against Covington Land because Covington Land could not have interfered with a business expectancy Attu could never have maintained since it did not retain the rights over the easements in question.  *Id.* at 22–23.  Attu moved the Court to reconsider this holding, Dkt. No. 51 at 2–3, but the Court denied the motion, again stating that "Attu could not have had business expectancy of selling the easements to Covington 18 . . . because the easements had already passed to Covington 18."  Dkt. No. 59 at 3–5.

On January 24, 2020, Covington Land moved for summary judgment on its indemnification claim.  Dkt. No. 60.  Through the briefing on summary judgment, the Court learned that Attu and Covington Land were already engaged in litigation in King County Superior Court over the same claims presented in this Court and that there was a motion for summary judgment brought by Covington Land pending in that case.  *See Attu v. Kemp*, No. 18-2-22130-7 KNT.  The Court, therefore, stayed its consideration of Covington Land's Motion for Summary Judgment while the Superior Court considered summary judgment in its case.  Dkt. No. 67.

On July 16, 2020, Covington Land informed this Court that the Superior Court had granted Covington Land's Motion for Summary Judgment on July 15, 2020.  Dkt. No. 90.  A copy of the

4

Superior Court's Order was attached to Covington Land's status report. *See id.* at 5–7.

In the Order, the Superior Court found that Attu and Defendant Sinclair had breached their contractual agreement to indemnify Covington Land. *Id.* at 6. The Superior Court ruled that Covington Land was entitled to all reasonable attorneys fees and costs "incurred as a result of Covington Land's involvement in the ongoing dispute between Attu and Covington 18 and Attu's reservation of license rights in the [PSA]." *Id.* at 6–7. In order to avoid duplication of fees between the state and federal action, that Court stated that it would permit Covington Land to submit for its consideration an affidavit or declaration of attorneys fees and costs but that consideration would "succeed the presentation to the federal court." *Id.*

Appended to the Order, the Superior Court Judge included a Supplement to Order of Summary Judgment, explaining that Court's decision in more depth. *Id.* at 8–9. The Supplement makes clear that the Superior Court found this Court's holding to be *res judicata* and dismissed Attu's tortious interference with business expectancy claim. *Id.* at 8 ¶ 3–8. The Supplement further makes clear that Covington Land was entitled to indemnification because Attu "invited [it] into litigation of the access easement as a named party. Covington Land thus participated in the US District Court litigation and incurred expenses there as well. These expenses were related to the very issue that was pending at the time the PSA was executed." *Id.* at 9 ¶ 17. As in this case where Attu argues that the Court should disregard the indemnification provisions based on Covington Land's alleged bad faith negotiation of the PSA, *see* Dkt. No. 64 at 10–12, that Court dismissed Attu's same arguments because Attu's "non-pled assertion [of fraud] presents multiple degrees of speculation," which failed to meet the specificity requirements of that Court's rule on summary judgment. Dkt. No. 90 at ¶ 18–25. The Court implied, however, that a trier of fact "could find" some level of misrepresentation, *id.* at 9 ¶¶ 20–23, but it also found, in no uncertain

5

terms, that "[s]ummary judgment on the requested indemnification is granted." *Id.* at 9 ¶ 26.  It therefore, reserved "[a]ny question on the amendment of Plaintiff's complaint to address claimed fraud" and "defer[red] to [the] Federal Court for the ruling on the costs and fees associated with indemnification." *Id.* at ¶¶ 26–27.

Covington Land's status report to this Court requested that this Court take up its consideration of Covington Land's motion in light of the Superior Court's ruling.  *Id.* at 2.  Based on this request, this Court ordered Attu to respond by addressing "whether it now contests summary judgment in the motion before this Court after the Superior Court's decision."  Dkt. No. 91.  Attu responds that it continues to contest summary judgment because the Superior Court's "Order is not a final, appealable order" because, according to Attu, it invites Attu to submit an amended complaint alleging a cause of action for fraud.  Dkt. No. 93 at 2.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 56 mandates that a district court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  To avoid summary judgment, a plaintiff "'must establish that there is a genuine issue of material fact' disputed by the parties."  *Monzon v. City of Murrieta*, No. 19-55164, 2020 WL 4197746, at *3 (9th Cir. July 22, 2020) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986)).

### IV.   DISCUSSION

Here, the Court need not go further than the doctrine of *res judicata* and the Superior Court's decision to conclude that Covington Land is entitled to summary judgment.  *Res judicata* is composed of two constituent concepts, claim preclusion and issue preclusion.  *See United States v. Bhatia*, 545 F.3d 757, 759 n.2 (9th Cir. 2008) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892

(2008) ("[t]he Supreme Court recently clarified that the terms 'claim preclusion' and 'issue preclusion' are collectively referred to as 'res judicata'")).  Relevant here is claim preclusion, which "'bars a party in successive litigation from pursuing claims that were raised or could have been raised in a prior action.'"  *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 958 F.3d 1239, 1255 (9th Cir. 2020) (quoting *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019)).  State law governs when state court judgments are afforded preclusive effect in federal court.  *Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d 610, 637 (9th Cir. 2020) (citing *Hiser v. Franklin*, 94 F.3d 1287, 1290 (9th Cir. 1996); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.").

Pursuant to Washington Law, "[r]es judicata precludes relitigation of an entire claim when a prior proceeding involving the same parties and issues culminated in a judgment on the merits." *Weaver v. City of Everett*, 450 P.3d 177, 185 (Wash. 2019) (citing *Bordeaux v. Ingersoll Rand Co.*, 429 P.2d 207, 209–10 (Wash. 1967)); *see also Emeson v. Dep't of Corr.*, 376 P.3d 430, 436 (Wash. Ct. App. 2016) ("[f]iling two separate lawsuits based on the same event is precluded under Washington law").  There is no dispute that the Superior Court's case involved the same parties and the same claims.  Attu argues only that *res judicata* is inapplicable because the Superior Court's judgment is not final because Attu intends to amend its complaint in that case to add a cause of action for fraud.  Dkt. No. 93 at 2–4.

"A grant of summary judgment at a prior proceeding is considered a final judgment on the merits."  *Emeson*, 376 P.3d at 436 (citing *DeYoung v. Cenex Ltd.*, 1 P.3d 587, 591 (Wash. Ct. App. 2000)); *see also In re Estate of Black*, 102 P.3d 796, 806 (Wash. 2004) ("an unappealed summary

judgment is *res judicata* as to rights determined during summary judgment).

There can be no doubt that the Superior Court's Order conclusively determined the only remaining claim in this case, indemnification. That Court granted summary judgment on Covington Land's indemnification claim, dismissed Attu's claim with prejudice, and ordered Covington Land to submit proof of its fees and costs for consideration. Attu's intent to amend its complaint in that case to add a separate claim does not alter the finality of the Superior Courts claim as to indemnification. Adding such a claim also does not affect the claims in this case, as Attu has similarly not pled a claim of fraud before this Court. Further, given the length of time this case has been pending, and given every opportunity Attu has had to amend its complaint to add such a claim, this Court would not entertain such a motion at this late stage. *See* Dkt. No. 37 (amended pleadings due June 28, 2019); FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017) ("[w]here . . . a party seeks leave to amend after the deadline set in the scheduling order has passed, the party's request is judged under [FRCP] 16's 'good cause' standard rather than the 'liberal amendment policy' of FRCP 15(a)").

V.     CONCLUSION

For the forgoing reasons, the Court hereby GRANTS Covington Land's Motion for Summary Judgment. Dkt. No. 60.

DATED this 3rd day of August, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE