UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COVINGTON 18 PARTNERS, LLC, | No. 2:19-cv-00253 BJR |
| Plaintiff, | |
| vs. | ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO DISMISS AND REMANDING TO KING COUNTY SUPERIOR COURT |
| LAKESIDE INDUSTRIES, INC. et. al, | |
| Defendants | |

## I.    INTRODUCTION

Before the Court is Third-Party Defendants Fidelity National Title Insurance Company and Fidelity National Title of Washington, Inc.'s (collectively "Fidelity") Motion to Dismiss Third-Party Plaintiff Attu, LLC's ("Attu") claim for professional negligence and a violation of the Consumer Protection Act. Third-Party Defs. Fidelity Nat'l Title Ins. Co. and Fidelity Nat'l Title of Wash., Inc.'s Mot. to Dismiss, Dkt. No. 107 ("Mot"). Having reviewed the Motion, oppositions thereto, the record of this case, and the relevant legal authorities, the Court will grant Fidelity's Motion to Dismiss and remand the case to Washington state court.

## II.   BACKGROUND

The Court has recited the facts and procedural history of this case in previous orders. *See* Dkt. Nos. 50 ("Order Granting Summ. J."), 59, 75, 100. In brief, Attu purchased two adjacent parcels of land in the late 1990s and early 2000s. Order Granting Summ. J. at 2. In 2009, Attu

1

conducted a subdivision, dividing the property in Parcel A and Parcel B. *Id.* At roughly the same time as the subdivision, the owners of the neighboring parcels (including the Bonneville Power Administration ("BPA")) granted four access and utilities easements to Attu. *Id.* at 2–4. In 2012, Attu sold Parcel B to the original plaintiff in this suit, Covington 18 Partners, LLC ("Covington 18"). *Id.* at 4. Fidelity served as the closing agent for this transaction. Def. Attu's Am. Third-Party Compl. Against Fidelity Nat'l Title Ins. Co. and Fidelity Nat'l Title of Wash., Inc., Dkt. No. 87 ("Third-Party Compl.") at 22. A dispute later arose between Attu and Covington 18 as to whether the easements in question were retained by Attu or transferred with the 2012 sale. Compl. for Quiet Title Regarding Easements Concerning 28009 Covington Way SE, Covington, WA 98042, Dkt. No. 1-1 ("Original Compl.").

The present case began when Covington 18 filed an action to quiet title to the easements in King County Superior Court. *Id.* The interests of the United States government and its agents were implicated in this suit due to their ownership of an adjacent parcel and role in granting the easements in dispute. Notice of Removal of Civil Action, Dkt. No. 1 ("Notice of Removal") at 2. Shortly thereafter, Defendant United States, on behalf of itself, the Department of Energy, and BPA, removed the case to this Court under 28 U.S.C. § 1442(a)(l), which provides jurisdiction over actions directed to any agency or officer of the United States. *Id.*

On April 4, 2019, Covington 18 filed a motion for summary judgment over its quiet title claim. Pl.'s Mot. for Summ. J., Dkt. No. 15. The parties then filed several counter and crossclaims, including Attu's claim against Fidelity, which alleges that Fidelity was negligent in its preparation of the Title Report and Deed used in the sale. Third-Party Compl. at 22–24. The Court granted Covington 18's motion for summary judgment, finding the easements in question

were appurtenant and had therefore transferred by default to Covington 18 with the 2012 sale. Order Granting Summ. J. at 16.  This Order dismissed all claims involving the BPA, eliminating the original basis for subject matter jurisdiction.  *Id.* at 23.

Fidelity now moves for dismissal of the claims against it, claiming that the Court lacks jurisdiction over Attu's claims and that it should decline to exercise supplemental jurisdiction. Mot. at 4–7.  Alternatively, Fidelity argues that the Court should dismiss Attu's claims because Washington law does not recognize third-party rights under title insurance and a title commitment cannot be used as the basis to establish the Consumer Protection Act ("CPA") claim Attu asserts.  *Id.* at 9–12.  Attu argues that this Court has diversity jurisdiction or, in the alternative, should exercise supplemental jurisdiction under 28 U.S.C. § 1367.  Attu's Opp'n to Third-Party Defs. Fidelity Nat'l Title Ins. Co. and Fidelity Nat'l Title of Wash. Inc.'s Mot. to Dismiss, Dkt. No. 111 ("Resp.") at 9–13.  Attu also claims that the Court should deny Fidelity's Motion to Dismiss because Fidelity owed Attu a duty of care which it later breached and that the insurance Fidelity issued may serve as the basis for a CPA claim under certain circumstances. *Id.* at 14-21.

### III.   DISCUSSION

It is axiomatic that federal courts are courts of limited jurisdiction.  *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746, *reh'g denied*, 140 S. Ct. 17 (2019) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  Originally, this Court had jurisdiction over Covington 18's action for quiet title under 28 U.S.C. § 1442(a)(l) as Covington 18 named the BPA in its suit.  Pursuant to the Court's order on summary judgment, however, all claims involving the BPA have now been dismissed from this case.  Order Granting Summ. J at

23. As a result, Attu must establish alternate grounds for jurisdiction to maintain its suit against Fidelity.

### A. Diversity Jurisdiction

Attu claims the Court has original jurisdiction under 28 U.S.C. § 1332. Resp. at 10. 28 U.S.C. § 1332 provides federal courts with jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and where the suit is "between . . . citizens of different states." 28 U.S.C. § 1332(a). Diversity jurisdiction, however, requires *complete* diversity, in other words requiring "each plaintiff [to be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Yokeno v. Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014). Here, the parties are not completely diverse as both Attu and Fidelity of Washington are citizens of Washington State. Resp. at 4. As such, the Court lacks original jurisdiction under 28 U.S.C. § 1332.

### B. Supplemental Jurisdiction

Alternatively, 28 U.S.C. § 1367 grants federal courts supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A claim "forms part of the same case or controversy," where "it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (quoting *Trs. Of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)). Even where the requirements of Section 1367(a) are met, district courts retain discretion to decline to exercise supplemental

jurisdiction over pendant state law claims where "(1) the claim raises a novel or complex issue of State law . . . [or (2)] the district court has dismissed all claims over which it ha[d] original jurisdiction." 28 U.S.C. § 1367(c).

When deciding whether to exercise supplemental jurisdiction, federal courts consider judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). As a general matter, however, when "all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* When supplemental jurisdiction is not exercised, "it is generally preferable for a district court to remand remaining pendent claims to state court." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991); *see also Koontz Coal v. City of Seattle*, No. 14-0218, 2014 WL 5384434, at *7 (W.D. Wash. Oct. 20, 2014).

The Court will exercise its discretion and decline to extend supplemental jurisdiction as the source of the Court's original jurisdiction has been dismissed, Attu's claims raise novel and complex issues of state law, and the interests of judicial economy and comity dictate against supplemental jurisdiction. *See Baumgardner v. Town of Ruston*, 712 F. Supp. 2d 1180, 1206–07 (W.D. Wash. 2010) (finding the factors of economy, convenience, and comity were best served by declining to exercise supplemental jurisdiction in a property dispute where all federal claims were dismissed and the claim raised novel or complex issues of state law).

Attu's arguments for retaining jurisdiction are unpersuasive. Attu argues that judicial economy weighs in favor of extending supplemental jurisdiction as this Court is already familiar with this action and has issued several rulings on other claims and cross-claims. Resp. at 11–13. This familiarity, however, is outweighed by the dissimilarity of Attu's claims for breach of

5

fiduciary duty against Fidelity and Covington 18's original claim, which involved an action for quiet title. As a result, the benefit derived from the Court's familiarity with previous issues in this case is counteracted by the substantial additional issues of law and fact raised by the instant claim not addressed in claims already adjudicated by this Court. *In re Latex Glove Prod. Liab. Litig.*, 373 F. Supp. 2d 1205, 1207 (W.D. Wash. 2005); *Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1006 (N.D. Cal. 2013) (holding there would be no significant loss of judicial economy in remanding a case which had been pending in the district court for a year and a half when the current claim raised a different cause of action and contained significantly different factual allegations).

Additionally, the presence of a complex question of state law weighs in favor of declining to extend supplemental jurisdiction. Both parties rely on *Transamerica Title Insurance Co. v. Johnson* to advance their arguments on the merits of Attu's fiduciary duty claim. 693 P.2d 697 (1985). Here, the Washington State Supreme Court explicitly reserved the broad question of "whether to impose an abstractor's[1] duty of search and disclosure on title insurance companies," a legal duty which could give rise to an action in tort by non-insured parties. *Id.* at 699–700. Rather than clarifying this area of state law, as the parties suggest, that court's reluctance to resolve this issue here illustrates the novelty of the issues of state law raised by this case. *See Edmiston v. Cty. of Port Angeles*, 360 F. Supp. 3d 1147, 1158 (W.D. Wash. 2018), *appeal*

---

[1] An abstractor "prepares abstracts, and [especially] abstracts of title." *Abstractor*, BLACK'S LAW DICTIONARY (11th ed. 2019). In *Transamerica*, the defendant argued that the plaintiff corporation, "in issuing a preliminary commitment for title insurance, acts as an abstractor of title with a duty to disclose all discoverable defects." *Transamerica Title Ins. Co.*, 693 P.2d at 699.

6

*dismissed*, No. 19-35051, 2019 WL 7631010 (9th Cir. Sept. 18, 2019) (holding "[g]enerally, a state court is in a better position to resolve novel issues of state law.").

Because this Court declines to exercise supplemental jurisdiction, it will not address Attu's third-party title insurance rights or CPA claim under Washington law.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby declines to exercise supplemental jurisdiction and REMANDS this matter to the King County Superior Court.

DATED this 12th day of November, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE