1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

14

15

16

| | |
|---|---|
| COVINGTON LAND, LLC, a Washington Limited Liability Company, | CASE NO. 2:19-cv-00253-BJR |
| *Third Party Plaintiff* | |
| v. | ORDER GRANTING COVINGTON LAND'S MOTION FOR ATTORNEY'S FEES AND COSTS AND ENTRY OF JUDGMENT |
| ATTU, LLC, a Washington Limited Liability Company, and JOHN SINCLAIR and "JANE DOE" SINCLAIR,[1] a Husband and Wife and the marital community comprised thereof, | |
| *Third Party Defendants* | |

17

## I.   INTRODUCTION

18

19

20

21

Before the Court is Third Party Plaintiff Covington Land, LLC's ("Covington Land")

Motion for Attorney's Fees and Costs brought against Third Party Defendants Attu, LLC ("Attu")

and its managing member John Sinclair in his personal and marital capacities.  Covington Land's

22

23

24

25

---

[1] From the Covington Land's briefing, it appears that "Jane Doe Sinclair" is Elizabeth Sinclair, wife of John Sinclair.  *See* Mot. at 3.  Covington Land has not, however, moved to amend its complaint to formally add Elizabeth Sinclair in substitution for Jane Doe Sinclair.

Mot. for Att'y's Fees and Costs and Entry of J., Dkt. No. 115 ("Mot."). The Court having entered summary judgment granting Covington Land's claim for attorney's fees and costs, what remains for the Court to resolve is the amount of fees to which Covington Land is entitled. *See* Order Granting Covington Land's Mot. for Summ. J., Dkt. No. 100 ("Summ. J. Order"). Having reviewed the Motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will grant Covington Land attorney's fees and costs in the requested amount of $87,664.45. The reasoning for the Court's decision follows.

## II.      BACKGROUND

The Court has set forth the underlying facts of this case numerous times, including in its order granting Covington Land summary judgment on this claim. *See* Summ. J. Order at 1–6. In essence, Attu sold two adjoining parcels of land in Covington, Washington; the first to Covington 18 Partners, LLC ("Covington 18") and the second to Covington Land.[2] By the time Covington Land was preparing to purchase the parcel of land from Attu, Attu and Covington 18 were embroiled in a number of disputes, including whether several access and utility easements passed to Covington 18 upon the purchase of its parcel. Based on the fact that Covington Land's parcel was burdened by these same easements, it negotiated several indemnification clauses into its purchase and sales agreement with Attu and Sinclair. The indemnification agreements required Attu and Sinclair to be personally responsible for indemnifying Covington Land for "any monetary loss . . . include[ing] any reasonable attorney fees and costs" should Covington Land become

---

[2] Covington 18 and Covington Land are distinct legal entities with no documented relationship.

involved in Attu and Covington 18's disputes.  Purchase and Sale Agreement, Dkt. No. 61-1 at 5, ¶ 11.

Covington 18 then filed suit for quiet title to determine ownership of the easements, naming, among others, Covington Land.  Compl., Dkt. No. 1-1.  That suit was removed to this Court.  *See* Notice of Removal, Dkt. No. 1.  Attu counter-claimed against Covington 18 and cross-claimed against Covington Land for tortious interference with a business expectancy.  Attu's Answer to Compl., Countercl., and Cross-cl. Against Covington Land, Dkt. No. 11.  Attu also sued Covington Land for nearly identical claims in King County Superior Court.  *See Attu v. Kemp*, No. 18-2-22130-7 KNT.  In response to Attu's cross-claim in federal court, Covington Land sought contractual indemnification from Attu for having been dragged into the legal dispute.  Covington Land's Answer to Compl., Countercl., and Cross-cl. & Third Party Compl., Dkt. No. 20.

### III.    DISCUSSION

As mentioned previously, this Court has already determined that Covington Land is entitled to indemnification for having to defend itself in this suit.[3]  The remaining question before the Court is the amount of attorney's fees to which Covington Land is entitled.  The Court applies the lodestar method to calculate attorneys' fees and costs, which involves multiplying the total number of hours reasonably expended in litigation by a reasonable hourly rate.  *Dennis v. Liberty Mut. Grp.*, No. 13-cv-989, 2014 WL 11997864, at *1–*2 (W.D. Wash. June 19, 2014); *see also Scott Fetzer Co. v. Weeks*, 859 P.2d 1210, 1215–16 (Wash. 1993).  Once that lodestar amount has been calculated,

---

[3] In the state lawsuit, The Superior Court deferred to this Court to award attorney's fees and costs first.  Dkt. No. 90 at 9 (Superior Court stating that "because the US District Court ruling is fundamental to this analysis, this court defers to that Federal Court for the ruling on the costs and fees associated with the indemnification.").

the Court may adjust upwards or downwards to account for factors such as "the time expended, the difficulty of the questions involved, the skill required, customary charges of other attorneys, the amount involved, the benefit resulting to the client, the contingency or certainty in collecting the fee and the character of the employment." *Scott Fetzer*, 859 P.2d at 1216.  Additionally, under this method, the Court may discount time spent on "unsuccessful claims, duplicated or wasted effort, or otherwise unproductive time."  *Dennis*, 2014 WL 11997864, at *2 (citing *Chuong Van Pham v. Cty. of Seattle, Seattle Cty. Light*, 151 P.3d 976, 981 (Wash. 2007)).

Covington Land seeks (1) $57,827.95[4] in attorney's fees and costs for having to defend itself in this Court; (2) $23,246.50[5] in attorney's fees and costs for having to defend the same claims in the state court proceedings; (3) $3,965 for having to prepare the current motion and reply; and (4) $2,625.00 for expert witness fees, for a total of $87,664.45.  Mot. at 3–4; Reply at 10. Covington Land submits billing documentation and attorney affidavits attesting to the reasonableness of these fees.  *See* Dkt. Nos. 116, 122.

Attu argues that this amount is excessive.  *See* Attu's Opp'n to Covington Land's Mot. for Att'y's Fees and Costs and Entry of J., Dkt. No. 117 ("Resp.").  Specifically, it notes that parties' agreements cover indemnification only for amounts related to litigating ownership of the easements.  *Id.* at 5.  Thus, Attu seeks to subtract (1) $7,308 for pre-litigation fees; (2) $6,520.15 for time spent in administrative proceedings before the City of Covington it claims are unrelated

---

[4] This figure includes a reduction of $1,890, which Covington Land recognizes was the result of accidentally including review of the third party complaint.  *See* Covington Land's Reply to Attu's Resp. to Mot. for Att'y's Fees, Dkt. No. 121 at 8 ("Reply").

[5] This figure includes a reduction of $227.50, which Covington Land recognizes is necessary after an accidental duplication.  *See* Reply at 7 n.2.

to these proceedings; (3) $1,063.50 for clerical tasks and $5,131 for delegable tasks billed at full attorney rates; and (4) additional amounts for duplicated efforts between the state and federal cases, unrelated claims, excessive billing, and the use of block billing.  After all of these reductions, Attu argues for a lodestar amount of $46,272 plus a downward reduction based on Covington Land's ancillary role in this litigation, for a final total of $23,136.

The Court will grant Covington Land its requested amount.  Covington Land bargained for the indemnification provisions in question with the specific purpose of protecting itself against just this eventually, that is, being dragged into the litigation over ownership of Covington 18's easements.  Attu initiated this course of action by first cross-claiming against Covington Land in this Court and then separately suing Covington Land in Superior Court.  It thus invited the activation of the indemnification clauses and complicated matters by initiating proceedings in two separate venues.

Addressing Attu's challenges, the Court will not reduce the amount claimed for pre-litigation work as, reviewing the entries highlighted by Attu, the Court determines they were sufficiently related to the easement claims.  *See* Decl. of Patrick J. Schneider, Dkt. No. 118 ¶ 5 ("Schneider Decl.").  The Court will also not reduce the lodestar amount according to time spent in City of Covington administrative proceedings.  Covington Land's attorney has shown that his work and the need for an expert was necessitated by easement questions, which were introduced into the administrative proceedings by Attu and Sinclair.  Reply at 2, 4–5; Decl. of Mark E. Bardwil in Support of Reply, Dkt. No. 122 ¶ 4.

Additionally, the Court has reviewed Attu's claimed clerical and delegable tasks and determined that they do not warrant a reduction of the lodestar amount.  Many of these alleged

5

1
2
3
4

clerical tasks were accomplished alongside nonclerical tasks. *See, e.g.*, Schneider Decl. ¶ 4 (citing entry for "Review Judge Rothstein's order. Phone call with client. Emails with Sue. Prepare cover sheet for court's order. More in depth review of court's order and explain to client." but, only highlighting the portion pertaining to preparing cover sheets.).

5
6
7
8
9
10
11
12
13
14
15
16
17
18

Finally, the Court rules that a reduction based on the alleged duplicative nature of the work required before this Court and the Superior Court is not appropriate.  Attu invited the duplication of efforts by asserting its claims in both courts.  Additionally, reviewing the time entries which Attu challenges, *see* Schneider Decl. ¶ 7, the Court determines they are not in fact duplicative. Covington Land was first forced to fully brief a motion for summary judgment before this Court dealing largely with the question of indemnification.  *See* Mot. for Summ. J., Dkt. No. 60; Reply, Dkt. No. 60.  Only after this motion was fully briefed did this Court learn of the Superior Court case and stay consideration of the federal Motion for Summary Judgment in deference to the state proceedings.  *See* Min. Order, Dkt. No. 67.  Before the Superior Court, Covington Land had to brief additional issues, such as the *res judicata* effect of this Court's previous orders and a claim for Breach of Contract advanced by Attu in that case, but not in this case.  Based on the foregoing, the Court finds that Covington Land's entries for this work are not excessive or unreasonable.

19
20

The Court determines that $87,664.45 is an appropriate amount for attorney's fees and costs.[6]

21
22
23
24
25

---

[6] The Court finds that no upward or downward adjustment is warranted.

1

## IV.   CONCLUSION

2

For the forgoing reasons, the Court hereby GRANTS Covington Land's Motion for

3

Attorney's Fees and Costs and awards $87,664.45.  Dkt. No. 115.

4

5

DATED this 12th day of November, 2020.

6

7

_____

8

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

7